UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NICHOLAS A. NAVARRETTE,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>ATTORNEY GENERAL OF THE STATE OF NEVADA, et al.,<br><br>　　　　　　　Respondents. | Case No. 2:20-cv-02061-APG-DJA<br><br>**ORDER**<br><br>(ECF No. 1) |

　　　　Petitioner Nicholas Navarrette has named only the state attorney general as the respondent on the petition form.  Rule 2(a) of the Rules Governing Section 2254 Cases states that, when a petitioner is "in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."  The failure to name the proper respondent strips the court of personal jurisdiction. *Smith v. Idaho*, 392 F.3d 350, 354 (9th Cir. 2004); *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996).  I will allow Navarrette an opportunity to file an amended petition that names the correct respondents.

　　　　Navarrette is unable to afford counsel and the appointment of counsel furthers the interests of justice based on the procedural complexity of this federal habeas action, the lengthy sentence structure, and Navarrette's relatively limited ability to articulate his claims in proper person with the resources available to him.[1]

　　　　I THEREFORE ORDER the clerk of the court to file the petition.

　　　　I FURTHER ORDER that Navarrette's motion for appointment of counsel **(ECF No. 1-3) is GRANTED**.

　　　　I FURTHER ORDER that the Federal Public Defender is provisionally appointed as counsel and will have until **May 24, 2021** to undertake direct representation of Navarrette or to indicate the office's inability to represent him in these proceedings.  If the Federal Public Defender is unable to represent Navarrette, I will appoint alternate counsel.  The counsel appointed will

---

[1] *See* 18 U.S.C. § 3006A(a)(2)(B).

represent Navarrette in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.  A deadline for the filing of an amended petition or seeking other relief will be set after counsel has entered an appearance.  I anticipate setting the deadline for approximately 60 days from entry of the formal order of appointment.  Any deadline established will not signify any implied finding of a basis for tolling during the time period established.  Navarrette at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims.  That is, by setting a deadline to amend the petition or granting any extension, I make no finding or representation that the petition, any amendments thereto, or any claims are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

I FURTHER ORDER, so the respondents may be electronically served with any papers filed through counsel, that the Clerk of Court will add state attorney general Aaron D. Ford as counsel for the respondents and make informal electronic service of this order upon the respondents by directing a notice of electronic filing to him.  The respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from them until further order of the Court.

The Clerk of Court shall send a copy of this order to Navarrette, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

Dated: April 23, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE