# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NICHOLAS A. NAVARRETTE,<br><br>                Petitioner,<br>   v.<br><br>ATTORNEY GENERAL OF THE STATE OF NEVADA, et al.,<br><br>                Respondents. | Case No. 2:20-cv-02061-APG-DJA<br><br>**ORDER** |

The Federal Public Defender has identified a conflict of interest and is unable to represent the petitioner. ECF No. 7.

I THEREFORE ORDER that the provisional appointment of the Federal Public Defender is withdrawn.

I FURTHER ORDER that the following panel attorney is appointed as counsel for the petitioner under 18 U.S.C. § 3006A(a)(2)(B) & (c):

> Karen A. Connolly, Ltd.
> 6600 W. Charleston Blvd., Ste 124
> Las Vegas, NV 89146
> 702-678-6700
> 702-678-6767 (fax)
> advocate@kconnollylawyers.com

Ms. Connolly will represent the petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

I FURTHER ORDER Ms. Connolly to enter a notice of appearance within 20 days of the date of this order.

I FURTHER ORDER that the petitioner has until July 29, 2021 to file an amended petition or seek other appropriate relief. This deadline may not be construed as implied findings regarding the federal limitation period or a basis for tolling. Petitioner at all times remains responsible for calculating the limitation period and timely asserting claims, without regard to any court-ordered deadlines or extensions. Thus, a petition or amended petition filed within a court-ordered deadline may still be dismissed as untimely if it violates the statute of

limitations. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

I FURTHER ORDER that the respondents will have 60 days from the date of service to respond to the amended petition, including by motion to dismiss. Petitioner will have 30 days from the date of service of an answer to file a reply. However, Local Rule LR 7-2(b) governs the scheduling for responses and replies to motions filed by either party, including motions filed in lieu of pleadings.

I FURTHER ORDER that any procedural defenses raised by the respondents to the counseled amended petition must be raised together in a single, consolidated motion to dismiss. Successive motions to dismiss will not be entertained, and any procedural defenses omitted from the consolidated motion to dismiss will be waived. The respondents may not file a response that consolidates their procedural defenses, if any, with their response on the merits. But arguments that an unexhausted claim clearly lacks merit may be included a procedural-defense response. If the respondents seek dismissal of unexhausted claims under 28 U.S.C. § 2254(b)(2), they must: (1) do so in a single motion to dismiss, not in the answer; and (2) specifically direct their argument to the standard for dismissal under § 2254(b)(2) as set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, may be included with the merits in an answer. All procedural defenses, including exhaustion, must be raised in a single dismissal motion.

I FURTHER ORDER that in any answer filed on the merits, the respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

I FURTHER ORDER that all state court records and related exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and include a separate index identifying each exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (e.g., ECF No. 10). Each exhibit must then be filed as "attachments" to the base document to receive a sequenced sub-docket number (e.g., Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be

either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

I FURTHER ORDER that, notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the court.

I FURTHER ORDER the Clerk of the Court to send a copy of this order to the petitioner in proper person at the last institutional address in the record and reflect that transmittal either by the notice of electronic filing or on the docket, in a manner consistent with the Clerk's current practice.

Dated: April 29, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE